# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 8323 | **DATE** | 11/1/2012 |
| **CASE TITLE** | Dean vs. AT&T - Illinois Bell | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion (Doc [4]) to proceed *in forma pauperis* is granted. Plaintiff's motion (Doc [5]) for appointment of counsel is denied. The Clerk of Court shall issue summons forthwith.

■[ For further details see text below.]

Docketing to mail notices.

## ORDER

Now before the Court is pro se Plaintiff Patricia Dean's ("Dean") motion to proceed *in forma pauperis* ("IFP") without prepayment of fees and motion for appointment of counsel. For the following reasons, Dean's IFP motion is granted, and her motion for appointment of counsel is denied.

A litigant may proceed IFP if she is unable to pay the costs associated with commencing a lawsuit. 28 U.S.C. § 1915(a)(1). According to Dean's IFP application and financial affidavit, she has been unemployed since July 19, 2011. Prior to that date, she was employed with Defendant AT&T-Illinois Bell since 1971, earning a monthly income of $5,472 at the time of her dismissal. Dean currently collects $24,864 in combined income from unemployment benefits, pension income, and child support. She owns a home valued at $175,000, and pays $1,170 in monthly mortgage payments. Dean also owns a car worth $4,000, which is paid off in full. Dean has three dependents for whom she is entirely responsible: a son, a daughter, and a grandchild. Dean has less than $200 in her bank account. Although Dean owns considerable assets and continues to receive some income, the duration of her unemployment, her lack of savings, and the costs associated with caring for three dependents convince the Court that she is unable to pay the fees necessary to commence the lawsuit. Dean's IFP motion is granted.

There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010). A district court may nevertheless appoint counsel for an indigent litigant if: (1) the plaintiff has made a reasonable attempt to obtain counsel, or has been effectively precluded from doing so; and (2) the plaintiff is not competent to litigate the case herself when taking the complexity of the matter into account. 28 U.S.C. § 1915(e)(1); *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007).

**ORDER**

Dean has clearly and coherently articulated allegations underlying her workplace discrimination claim under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.* Moreover, her claim does not present sufficiently complex issues that prevent her from adequately representing herself. Because Dean appears sufficiently competent to litigate the case without an attorney, her motion for appointment of counsel is denied.

For the foregoing reasons, Dean's IFP motion is granted, and her motion for appointment of counsel is denied.